UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

KELLI KOHNKE and ANTHONY
KOHNKE,

     Plaintiffs,

v.                         **JURY TRIAL DEMANDED**

COASTAL HOTEL PROPERTY I, LLC, a Florida
limited liability company d/b/a SEA SHELLS BEACH
CLUB; COASTAL HOSPITALITY GROUP, LLC, a
Florida limited liability company d/b/a SEA SHELLS
BEACH CLUB, JEDEDIAH A. TAR, and
MATTHEW JOSEPH,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, KELLI KOHNKE (hereinafter "K. KOHNKE") and ANTHONY KOHNKE (hereinafter "A. KOHNKE") by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, COASTAL HOTEL PROPERTY I, LLC d/b/a SEA SHELLS BEACH CLUB, COASTAL HOSPITALITY GROUP, LLC d/b/a SEA SHELLS BEACH CLUB, JEDEDIAH A. TAR, and MATTHEW JOSEPH and states as follows:

## INTRODUCTION

1.   This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

**JURISDICTION**

2.   Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.   At all times pertinent to this Complaint, COASTAL operated a business enterprise (motel), respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3.   Plaintiffs' work for Defendants involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.   These materials included office supplies, telephones, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a motel—all manufactured outside the State of Florida.

4.   During the relevant time period, the Defendants employed at least two employees who "engaged in commerce or in the production of goods for commerce," or it "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).   These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

5.   In addition to the foregoing, the Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute.   During the Plaintiffs' employment, they were required to use instrumentalities of interstate commerce on a regular and recurrent basis.   The Plaintiffs used instrumentalities of interstate commerce (telephone/internet) on a regular and recurrent basis to, *inter alia,* assist in operating the Defendants' motel, particularly as to motel guests and motel owners physically residing out-of-state.

2

6.  The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7.  The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

8.  The venue of this Court over this controversy is based upon the following:

a.  The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida; and,

b.  Defendants were and continue to be a corporation and individuals doing business within the Middle District of Florida.

## PARTIES

9.  At all times material hereto, Plaintiffs, K. KOHNKE and A. KOHNKE were residents of Volusia County, Florida, and were "employees" of the Defendants within the meaning of the FLSA.

10.  During all times set forth in this Complaint, COASTAL HOTEL PROPERTY I, LLC d/b/a SEA SHELLS BEACH CLUB was a Florida limited liability company doing business in Volusia County, Florida.

11.  During all times set forth in this Complaint, COASTAL HOSPITALITY GROUP, LLC d/b/a SEA SHELLS BEACH CLUB was a Florida limited liability company doing business in Volusia County, Florida.

12.  At all times material hereto, the Defendants were conducting business in Volusia County, Florida.

13.   At all times material hereto, Defendants were the employers of Plaintiffs, K. KOHNKE and A. KOHNKE.

14.   At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution, and Section 448.110 Florida Statutes.

15.   At all times material hereto, Defendants failed to pay Plaintiffs, K. KOHNKE and A. KOHNKE wages in conformance with the FLSA.

16.   Defendants committed a willful, malicious, and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

17.   At all times material hereto, COASTAL HOTEL PROPERTY I, LLC d/b/a SEA SHELLS BEACH CLUB was an "enterprise engaged in commerce" within the meaning of the FLSA.

18.   At all times material hereto, COASTAL HOSPITALITY GROUP, LLC d/b/a SEA SHELLS BEACH CLUB was an "enterprise engaged in commerce" within the meaning of the FLSA.

19.   At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

20.   Plaintiffs have fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

**STATEMENT OF FACTS**

21.   From about September 10, 2022 to about November 14, 2022, A. KOHNKE and K. KOHNKE were employed by the Defendants at their motel in Daytona Beach Florida as motel caretakers.

4

22.    While employed, K. KOHNKE and A. KOHNKE motel duties involved housekeeping, checking in/out, guests, guest relations, maintenance, landscaping, office work, front desk, checking on housekeepers, and overseeing renovations..

23.    Out-of-state residents frequently visited the Defendants' motel.  Because Defendants had Plaintiffs handle guest calls/electronic inquires, the Plaintiffs would regularly and recurrently each week, speak to motel guests, prospective guests or the subject resort's owners, who were physically outside the State of Florida, regarding motel business.

24.    The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements.

25.    While employed, Plaintiff were each paid approximately $280 per week, on average.

26.    The Plaintiffs usually worked between 7:00 a.m. and 10:30 p.m.  Moreover, they would work additional time in the late nights and early mornings responding to guests needs and requests (toilet, plumbing, or other problem in the room).  Thus, the Plaintiffs *each* worked about 16.5 hours per day x 7 days per week = 115.5 hours per week.

27.    Even though Plaintiffs, K. KOHNKE, and A. KOHNKE worked in excess of forty hours per week, Defendants failed to pay them at the rate of time-and-one-half times the applicable minimum wage.

28.    In each week, each Plaintiff is owed 115.5 multiplied by the applicable Florida minimum age, less any amounts paid .

29.    Defendants knowingly, willfully, and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each hour Plaintiffs worked in conformance with the applicable law.

30.   Defendants, JEDEDIAH A. TAR, and MATTHEW JOSEPH were officers of limited liability company defendants and were aware at all times that the Plaintiffs were not being paid in accordance with federal and state law.   Therefore, they are personally liable for the wage violations.

31.   JEDEDIAH A. TAR, and MATTHEW JOSEPH were involved in the payroll and scheduling matters and, ultimately, were involved in the wages paid to the Plaintiffs.

32.   Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

33.   The Plaintiffs realleges Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.   The Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

35.   29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

36.   During the Plaintiffs' employment, the Defendants paid Plaintiffs less than the statutory minimum wage for all their work hours.

37.   The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiffs.

38.   As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

      a.      judgment in their favor for all unpaid minimum wages;

      b.      liquidated damages;

      c.      attorneys' fees and costs pursuant to the FLSA;

      d.      post-judgment interest; and

      e.      all other and further relief this Court deems to be just and proper.

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

39.   Plaintiffs, realleges Paragraphs 1 through 32 as if fully stated herein.

40.   Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

41.   During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours.

42.   The Defendants acted willfully and maliciously in paying Plaintiffs below the minimum wage.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

      a.      Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

      b.      Awarding Plaintiffs all back wages due and owing;

      c.      Awarding Plaintiffs liquidated damages in the amount equal to her back wages;

      d.      Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

      e.      Awarding Plaintiffs prejudgment and post-judgment interest;

      f.      Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

## <u>VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)</u>

43.   Plaintiffs, K. KOHNKE and A. KOHNKE, reallege Paragraphs 1 through 32 as if fully stated herein.

44.   Since both Plaintiffs' date of hire with Defendants, in addition to Plaintiffs' normal regular work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

45.   Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided in the FLSA.

46.   Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided in the FLSA.

47.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.  Defendants also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

48.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

49.   Due to the willful, malicious, and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

a.     Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b.     Awarding Plaintiffs overtime compensation in the amounts calculated;

c.     Awarding Plaintiffs liquidated damages;

d.     Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.     Awarding Plaintiffs post-judgment interest; and

f.     Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Date:  March 6, 2023.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com

By:     */s/. Peter J. Bober*
        FBN:  0122955