UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KELLI KOHNKE and ANTHONY KOHNKE,

    Plaintiffs,

v.                                                              Case No.: 23-cv-403-RND-RMN

COASTAL HOTEL PROPERTY I, LLC, a Florida limited liability company d/b/a SEA SHELLS BEACH CLUB; COASTAL HOSPITALITY GROUP, LLC, a Florida limited liability company d/b/a SEA SHELLS BEACH CLUB, JEDEDIAH A. TAR, and MATTHEW JOSEPH,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF THE SETTLEMENT OF PLAINTIFFS' FLSA CLAIM AND FOR DISMISSAL WITH PREJUDICE**

NOW COMES Plaintiffs, KELLI KOHNKE and ANTHONY KOHNKE (collectively "Plaintiffs"), and Defendants, COASTAL HOTEL PROPERTY I, LLC, d/b/a SEA SHELLS BEACH CLUB; COASTAL HOSPITALITY GROUP, LLC, d/b/a SEA SHELLS BEACH CLUB, JEDEDIAH A. TAR, and MATTHEW JOSEPH, and for their joint motion for approval of the settlement, state as follows:

1.     The Defendants operated a motel in Daytona Beach, Florida known as the Sea Shells Beach Club.  The Plaintiffs were employed to work at this motel.

2. Defendants contend Plaintiffs performed services for Sea Shells Beach Resort as independent contractors, received free room and board and were paid more for services rendered. The Defendants also claim to have paid for the Plaintiffs' relocation expenses (a U-Haul) to be able to travel to Florida to perform the work.

3. Plaintiffs provided services to the Defendants for approximately two (2) months—from about September 21, 2022 to about November 14, 2022.

4. On March 6, 2023, Plaintiffs filed a Fair Labor Standards Act ("FLSA") action against Defendants (ECF 1) alleging that they were employees of the Defendants and that they failed to pay Plaintiffs minimum wages.

5. Defendants assert that Plaintiffs are not entitled to any relief in this lawsuit as they were properly classified as independent contractors and were fully compensated for all services rendered. As a result, Defendants deny that Plaintiffs are entitled to any compensation of any type whatsoever other than what has already been paid for services rendered and the free room and board. Furthermore, Defendants assert that, even if a Court were to find that Plaintiffs were misclassified as independent contractors (which Defendants dispute), Plaintiffs would not be entitled to receive the full amount of minimum wage and overtime pay for which they claim as there are disputed issues as to (1) the number of hours that Plaintiffs provided services and (2) whether Plaintiffs would be entitled to any liquidated damages under the FLSA, (3) whether the value of lodging provided to Plaintiffs, met or exceeded the applicable minimum wage, and (d) whether the amount paid per month, by the Defendants, was designed to compensate one or *both* Plaintiffs.

Defendants also plan to assert various affirmative defenses including but not limited to credit for amounts paid for room and board. As such, this settlement represents a compromise of the FLSA claims set forth in Plaintiffs' Complaint and the unfiled claims by Plaintiffs.

6. The Plaintiffs estimate that *each* of them is owed somewhere between $4,000 and $8,000 for their FLSA claims. Under the terms of the Parties, settlement, the Defendants have agree to pay the following:

| | | |
|---|---|---|
| a. | Kelli Kohnke | $2,375 as W-2 wages; |
| b. | Kelli Kohnke | $2,375 as 1099 liquidated damages; |
| c. | Anthony Kohnke | $2,375 as W-2 wages; |
| d. | Anthony Kohnke | $2,375 as 1099 liquidated damages; |
| e. | Bober & Bober, P.A. | $3,500.00 (attorneys' fees and costs) |
| | **Total:** | **$13,000** |

7. The Parties have other disputes between them having nothing to do with the underlying FLSA claims. Specifically, they have disputes between them related to the purported lodging benefits/rent provided to the Plaintiffs. Similarly, the Defendants claim the Plaintiffs owe them in excess of $3,000 for a loan related to a U-Haul rental. In order to resolve these side disputes and so the Parties can buy peace, the Defendants have agreed to pay each of the Plaintiffs as follows:

| | |
|---|---|
| Kelli Kohnke | $1,000 as consideration for Release of Claims; |
| Anthony Kohnke | $1,000 as consideration for Release of Claims; |

**Total:** $2,000

8. Recognizing the time and expense and uncertainty of litigation, the Parties have agreed to enter into a settlement of the FLSA claims set forth in Plaintiffs' Complaint as well as any and all the claims of Plaintiffs that they may have or had against Defendants.

9. The Parties hereby submit this matter to the Court to approve settlement as to Plaintiffs' FLSA claim as a "fair and reasonable resolution of a bona fide dispute over FLSA issues". See also *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350 (11th Cir. 1982); *MacKenzie v. Kindred Hospital East, L.L.C.*, 276 F.Supp.2d 1211 (M.D. Fla. 2003). The Settlement Agreement and General Release ("Agreement") is attached hereto as **Exhibit "A"**.

10. The Parties agree that the amount of attorneys' fees and costs is fair and reasonable and was negotiated as a separate amount from the amounts Defendants are paying the Plaintiffs.

11. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the Parties request that the Court approve the Agreement entered into by the Parties, copy of the signed Agreement is attached to this Motion as Exhibit "A".

12. The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve Plaintiffs' FLSA claim against Defendants. The proposed settlement arises out of an action brought by Plaintiffs

against Defendants after Plaintiffs provided services independent contractors. The settlement is a compromise of a disputed claim as to whether Plaintiffs were entitled to receive minimum wage and if so, the amount thereof.

13. The Parties further stipulate and agree that the settlement is a fair and reasonable settlement of the controversies involved in this case. The Parties voluntarily agreed to the terms of the settlement during negotiations, and all Parties had an opportunity to consult with an attorney.

14. The Parties also stipulate and agree that upon approval of the Agreement, that this Court should dismiss Plaintiffs' claim with prejudice.

15. If this Court does not approve the Agreement, the Parties agree they will be returned to the status quo ante.

WHEREFORE, for the reasons stated herein, the Parties respectfully request that this Court grant their motion and enter an order approving the settlement as set forth above, including the terms in the Agreement, and dismissing Plaintiffs' FLSA claim with prejudice.

Respectfully submitted by,

Bober & Bober, P.A.
2699 Stirling Rd., Suite A-304
Hollywood, FL  33312
Tel:  (954) 922-2298
Fax:  (954) 922-5455
Email: peter@boberlaw.com

*/s/ Peter J. Bober*
Bar No. 0122955
Counsel for Plaintiffs

Law Office of David Miklas, P.A.
P.O Box 12996
Fort Pierce, Florida 34979
Telephone: (772) 465-5111
Fax: n/a
Email: david@miklasemploymentlaw.com

*/s/ David Miklas*
Florida Bar No. 0167060
Counsel for Defendants