UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KELLI KOHNKE and ANTHONY
KOHNKE,

    Plaintiffs,

v.                                        Case No.: 6:23-cv-00403-RBD-RMN

COASTAL HOTEL PROPERTY I,
LLC, a Florida limited liability
company d/b/a SEA SHELLS BEACH
CLUB; COASTAL HOSPITALITY
GROUP, LLC, a Florida limited liability
company d/b/a SEA SHELLS BEACH
CLUB, JEDEDIAH A. TAR, and
MATTHEW JOSEPH,

    Defendants.
_____/

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This is an agreement between Kelli Kohnke and Anthony Kohnke (hereinafter "Plaintiffs") and Jedediah Anthony Tarr, Matthew Joseph, Coastal Hotel Property I, LLC, and Coastal Hospitality Group, LLC, (hereinafter "Defendants"):

WHEREAS, Plaintiffs filed lawsuit number 6:23-cv-00403-RBD-RMN (the "Lawsuit") alleging a cause of action against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution for unpaid overtime and minimum wage compensation, and attorneys' fees.

WHEREAS, Defendants have denied all claims in the lawsuit, including that the Defendants were joint employers/integrated enterprise; and

1

WHEREAS, the Defendants and Plaintiffs desire to enter into this settlement agreement to avoid further expense of time and money in litigation as to Plaintiff's wage-related claims brought under the FLSA and Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

WHEREAS, outside of the Compliant filed with this Court, Plaintiffs alleged various other possible non-wage-related claims against the Defendants.

WHEREAS, the Defendants alleged various claims against the Plaintiffs.

WHEREAS, the parties have agreed to resolve all claims between them, both wage-related claims and non-wage related claims, as part of this settlement.

WHEREAS Defendants have agreed to pay Plaintiffs as described in this document conditioned upon Plaintiffs' signing this Settlement Agreement and Release Agreement and the Court approving this Settlement, and dismissing the lawsuit with prejudice.

WHEREAS Plaintiffs have already been paid substantial wages prior to this Agreement becoming effective.

NOW THEREFORE, in full consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which is hereby acknowledged, the Defendants and Plaintiffs agree to the following terms and conditions:

1. All the foregoing recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. This Settlement Agreement and Release shall not in any way be construed as an admission by Defendants, its individual members, its employees, representatives and agents in their official and personal capacity (hereinafter "Defendants") of any violation of any law or other liability including common law liability.

3. PAYMENT OF THE SETTLEMENT AMOUNT

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9

  (a) Defendants shall pay to Plaintiffs a total amount of $15,000 (the "Settlement Sum") to be paid as follows:

    (1) Defendants shall pay to Plaintiff Kelli Kohnke a total amount of $2,375.00 less applicable withholdings as wage-based damages for which an IRS Form W-2 will be issued;

    (2) Defendants shall pay to Plaintiff Anthony Kohnke Kelli Kohnke a total amount of $2,375.00 less applicable withholdings as wage-based damages for which an IRS Form W-2 will be issued;

    (3) Defendants shall pay to Plaintiff Kelli Kohnke a total amount of $2,375.00 (an amount equal to the above amount in 3.a.1), representing liquidated damages on the wage-based claims for which no taxes shall be deducted and a Form 1099 shall be issued; and

    (4) Defendants shall pay to Plaintiff Anthony Kohnke a total amount of $2,375.00 (an amount equal to the above amount in 3.a.2), representing liquidated damages on the wage-based claims for which no taxes shall be deducted and a Form 1099 shall be issued; and

    (5) Defendants shall pay to Plaintiff's Attorney a total amount of $3,500.00 with no withholding as attorney's fees (intended to cover work both related to the wage-related claims as well as the non-wage-related claims being settled, for which an IRS Form 1099 shall be issued and a separate payment to Bober & Bober, PA Trust Account; and

    (6) Defendants shall pay to Plaintiffs' Attorney's trust account a total amount of $10,250, which includes the above-referenced $3,500.00 for fees, but also specifically includes costs (such as those related to filing

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9

this lawsuit); and, as fully described below, also includes $1,000 consideration for Plaintiff Kelli Kohnke's waiver and release of non-wage-related claims, and also includes $1,000 consideration for Plaintiff Anthony Kohnke's waiver and release of non-wage-related claims.

(b) Plaintiffs expressly agrees that they are each solely responsible for all federal, state, or local tax obligations that might arise if Defendants' payment of the Settlement Amount is determined to constitute income, including, but not limited to, all tax payment obligations that may arise as a consequence of this payment. Plaintiffs further agrees promptly to pay, be responsible for, indemnify, and hold Defendants harmless from any and all liability for taxes, interest, penalties, or other assessments by any taxing authority arising out of or because of the payment of the Settlement Amount including, but not limited to, FICA, federal, state, or local income tax, contributions for Medicare and social security taxes, and for any other tax or contribution of any sort.  In no event shall the Plaintiffs be responsible for any amounts that were the Defendants' lawful obligation to pay.

(c) The Settlement Sum comprising the gross wages for each respective plaintiff ($2,193.32 after taxable withholdings) shall be paid via checks sent to Plaintiff's counsel within five business days of both the Court approving this Agreement and entering an Order dismissing the Lawsuit with prejudice. The remainder of the settlement sum shall be wired to Plaintiff's Counsel's Trust account, not to be disbursed until both Plaintiffs' sign this agreement, and after the Court approves this Agreement and enters an Order dismissing the Lawsuit with prejudice.

4. Plaintiffs specifically agree that, with the payment of the Settlement Sum, each of Plaintiffs shall be entitled to nothing further from the Defendants.

5. If the enforceability of this Agreement is ever raised in a court of competent jurisdiction, the Parties stipulate that since the Agreement was

4

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9

negotiated and the Plaintiff's Attorney and the Plaintiffs agree with and do not object to the Agreement, then it is the intent and stipulation of the Parties that the release of any claim covered by this Agreement should be given full force and effect.

6.  The Parties each specifically agree that there are real and substantial factual and legal disputes on any alleged claims that are being released by this Agreement, and the Agreement and consideration provided by it are intended by the Parties to be for the purpose of avoiding the time, trouble and expense of uncertain litigation. Plaintiffs believe that this Agreement is a fair and reasonable resolution of a bona fide dispute. Plaintiffs have accepted less money than they claim to be owed while Defendants, who have denied liability, have agreed to pay Plaintiffs more than they believe they are due under the law. Both have agreed to settle as a result of reasonable legal, strategic and financial considerations.

7.  Regarding the Fair Labor Standards Act, and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution, Plaintiffs understand and agree that Defendants shall neither make nor cause to be made any other payments to Plaintiffs or otherwise on Plaintiff's behalf, except as specifically referenced herein.

9.  The Parties hereto acknowledge that they have asserted claims against each other having nothing to do with Plaintiff's underlying wage & hour claims.  These claims relate to claims involving the Plaintiff residing on the Defendants' property as well as moving expenses.  Because the Parties wish to buy peace, the Defendants are paying the Plaintiffs, $1,000  apiece, as separate consideration to support the Plaintiffs' general release of claims hereunder.  In consideration for the payments referenced in Paragraph 3.a.6 of this Settlement Agreement and Release, Plaintiffs, their heirs, assigns, administrators and attorneys hereby release, acquit and forever discharge Defendants for any and all claims, actions, causes of actions and Plaintiffs agrees not to institute any legal

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9

actions against Defendants in the form of a grievance or in federal or state courts or before any administrative agencies as a result of any matters occurring prior to the date of this Settlement Agreement and Release.  Such matters include but are not limited to matters arising under the Fair Labor Standards Act, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution, Florida Minimum Wage Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), et seq., as amended by the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Florida Civil Rights Act,  Florida Statutes, Section 760.01, *et seq*., claims for violations of the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), the Family Medical Leave Act (FMLA), the Families First Coronavirus Response Act (FFCRA), Older Workers Benefit Protection Act, Chapter 448 Florida Statutes as amended, claims under Titles 29 and 42 of the United States Code, the Employee Retirement Income Security Act of 1974, as amended, the Occupational Safety and Health Act, the Civil Rights Act of 1866, the Rehabilitation Act of 1973, as amended, Federal Insurance Contributions ACT (FICA), the Genetic Information Nondiscrimination Act (GINA), any federal, state or local ordinances or statutes dealing with wages or discrimination, any claim for violation of any other federal, state or local law, rule or regulation or any claim for past wages, any claim for back pay, overtime compensation, future pay, fringe benefits, vacation pay, sick pay, severance pay, bonuses, commissions, retirement and pension benefits, wrongful termination of employment, wrongful layoff, failure to recall to work, breach of contract, violation of any policy, practice or procedure of Defendants, denial of any employment benefit, constructive discharge, retaliatory discharge, retaliation, detrimental reliance, termination in violation of public policy, violation of any Whistleblower statute, negligent supervision, negligent retention, negligent conducting of performance appraisals, libel, slander, defamation, sexual or any other type of harassment, assault,

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9

battery, intentional or negligent infliction of emotional distress, breach of duty, false imprisonment, invasion of privacy, tortious interference with business relations or prospective Defendants s, providing false references, any claim to reinstatement or future employment, compensatory damages, exemplary damages, punitive damages, damages for pain and suffering or mental anguish, damage to personal reputation, damages related to intentional or negligent infliction of emotional distress, personal injury damages, medical expenses, or damages of any other kind, and attorney fees and costs.

In consideration for the promises exchanged herein, Defendants hereby release, acquit and forever discharge Plaintiffs for any and all damages, claims, charges, or causes of actions, known or unknown, matured or unmatured, and Defendants agree not to institute any legal or administrative actions against Plaintiffs in federal or state courts or before any administrative agencies as a result of any matters occurring prior to the date of this Settlement Agreement and Release including, but not limited to, Plaintiffs' employment.

10. Plaintiffs represent and certify that they have carefully read and studied this Settlement Agreement and Release, fully understand all the provisions and effects of this Settlement Agreement and Release, and have had an adequate opportunity to seek legal counsel review of this document.

11. Should any provision of this Agreement be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

Nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, or (ii), unfair labor practice charges under the NLRA, or (iii) which cannot be released by private agreement.

12. Counsel for the Parties shall file the necessary documents required by this Court to facilitate dismissal with prejudice. The Parties expressly consent

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9

that the proper jurisdiction and venue for any litigation resulting from this Agreement shall be the U.S. District Court for the Middle District of Florida or the state courts in and for Volusia County, Florida.

    13. Plaintiffs represent, warrant and certify with actual knowledge that Defendants will actually rely on such representations and warranties and those that are otherwise contained in this Agreement, that Plaintiffs have been advised to seek an attorney to review this agreement, sought such legal counsel to advise them, and that Plaintiffs have carefully read and studied this Settlement Agreement and fully understand all the provisions and effects of this document. Plaintiffs acknowledge that each had the opportunity to consult with and discuss this document with an attorney, prior to the execution of this document. Plaintiffs acknowledge that each was able to freely select their attorney without influence or duress from Defendants and each has had the opportunity to consult with and discuss this Agreement with their attorney, prior to the execution of this Agreement.  Each Party represents that said Party is entering into this Settlement Agreement freely and voluntarily and that all others and their counsel have not made any representations concerning the terms and effects of this Settlement Agreement, other than those contained herein.  Plaintiffs further represent that they believe the settlement amount to be paid to them to be fair and reasonable and by their own act, voluntarily enter into this Settlement Agreement and accept it as full and complete settlement of all claims Plaintiff has or could have against Defendants, without duress, coercion, undue influence, or otherwise. It is the intent of Defendants that this Settlement Agreement comply with and be interpreted consistently with the Older Workers Benefits Protection Act.  Plaintiffs acknowledges that they received this Agreement on March 30, 2023 and were given up to and including 21 days later to seek legal counsel's review of this document if they so desire, and to sign this Settlement Agreement.  Plaintiffs agree that any changes made to this Agreement, whether

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9

material or immaterial, do not restart the running of the review period of this Agreement (the running of the 21-day period).  After signing this document, Plaintiffs shall have seven (7) calendar days to revoke this Agreement.  Any such revocation must be in writing and received by David Miklas, Employment attorney for Defendants at either david@miklasemploymentlaw.com or at P.O. Box 12996, Fort Pierce, FL 34979 by 5:00 p.m. Eastern Standard time on or before the eighth calendar day (after the date of Plaintiff's signature on this Agreement).

/// SIGNATURE LINES APPEAR ON FOLLOWING PAGE //

PAGE INTENTIONALLY LEFT BLANK

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9

IN WITNESS WHEREOF, and intending to be legally bound hereby, the undersigned parties have executed the foregoing Settlement Agreement and Release.

*Kelli Kohnke*  
Kelli Kohnke            DATE: 03 / 30 / 2023, 2023

*[signature]*  
Anthony Kohnke           DATE: 03 / 30 / 2023, 2023

*[signature]*  
Jedediah Anthony Tarr, individually and as Authorized representative for Coastal Hotel Property I, LLC, and Coastal Hospitality Group, LLC            DATE: 04/03/23, 2023

*[signature]*  
Matthew Joseph, individually            DATE: April 3, 2023, 2023

Doc ID: f85074a5ec6e25dc6a64f14a9d021bf4b9fb24d9