## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KELLI KOHNKE; and ANTHONY
KOHNKE,

       Plaintiffs,

  v.

COASTAL HOTEL PROPERTY I,
LLC, a Florida limited liability
company d/b/a Sea Shells Beach
Club; COASTAL HOSPITALITY
GROUP, LLC, a Florida limited
liability company d/b/a Sea Shells
Beach Club; JEDEDIAH A. TAR;
and MATTHEW JOSEPH,

       Defendants.

Case No. 6:23-cv-403-RBD-RMN

## <u>ORDER</u>

This cause came on for consideration without oral argument on the
following motion:

| | |
|---|---|
| **MOTION:** | Joint Motion for Approval of the Settlement of Plaintiffs' FLSA Claim and for Dismissal with Prejudice (Dkt. 16) |
| **FILED:** | April 3, 2023 |
| It is **ORDERED** that the Motion (Dkt. 16) is **GRANTED**. | |

## I.    Background

On March 6, 2023, Plaintiffs Kelli and Anthony Kohnke filed a Complaint against Defendants, alleging unpaid minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Florida Constitution. Dkt. 1. Plaintiffs allege that they worked from September 10 to November 14, 2022, as motel caretakers for Defendants at their motel in Daytona Beach. *Id.* ¶ 21. Plaintiffs also allege that Defendants Jedediah A. Tar and Matthew Joseph are officers of the LLC defendants and were involved in the payment of Plaintiffs' wages. *Id.* ¶¶ 30-31. Plaintiffs allege that they did not receive minimum and overtime wages for hours worked. *Id.* ¶¶ 33-49.

On April 3, 2023, the parties filed a "Joint Motion for Approval of the Settlement of Plaintiffs' FLSA Claim and for Dismissal with Prejudice" ("Motion"). Dkt. 16. The parties inform the Court that they have negotiated a settlement of Plaintiffs' claims. Under the terms of the settlement agreement, Kelli Kohnke will receive $2,375.00 for her alleged unpaid wages and an equal amount for liquidated damages, for a total of $4,750.00. *Id.* ¶ 6; Dkt. 16-1 ¶ 3(a)(1), (3). Anthony Kohnke will receive $2,375.00 for his alleged unpaid wages and an equal amount for liquidated damages, for a total of $4,750.00. Dkt. 16 ¶ 6; Dkt. 16-1 ¶ 3(a)(2), (4). Plaintiffs' counsel will receive $3,500.00 for attorney's fees and Plaintiffs' costs, both of which the parties indicate were separately negotiated from Plaintiffs' payments. Dkt. 16 ¶ 6; Dkt. 16-1

¶ 3(a)(5), (6). The parties ask the Court to approve the FLSA settlement agreement and to dismiss the case with prejudice.

## II. Legal Standards

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of [Plaintiff's] success on the merits;
(5) the range of possible recovery; and
(6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

Courts must also scrutinize settlements to determine if a plaintiff's

FLSA claims will be compromised by the deduction of attorney's fees, costs, or

expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per

curiam). When a plaintiff receives less than a full recovery, any payment

(whether or not agreed to by a defendant) above a reasonable fee improperly

detracts from the plaintiff's recovery. A potential conflict can therefore arise

between counsel and their client regarding how much of the plaintiff's total

recovery should be allocated to attorney's fees and costs. It is the Court's

responsibility to ensure that any such allocation is reasonable. *See id.* One

method of doing so is to use the lodestar method as a guide. In such a case, any

compensation for attorney's fees beyond that justified by the lodestar method

is unreasonable unless exceptional circumstances would justify such an award.

Alternatively, where the matter of attorney's fees is addressed by the parties

"independently and seriatim, there is no reason to assume that the lawyer's

fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v.*

*Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that,
> (1) constitutes a compromise of the plaintiff's claims; (2) makes full
> and adequate disclosure of the terms of settlement, including the
> factors and reasons considered in reaching same and justifying the
> compromise of the plaintiff's claims; and (3) *represents that the*
> *plaintiff's attorneys' fee was agreed upon separately and without*
> *regard to the amount paid to the plaintiff, then, unless the*
> *settlement does not appear reasonable on its face or there is reason*
> *to believe that the plaintiff's recovery was adversely affected by the*

> *amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

## III.   The Court Approves The Parties' Proposed Settlement Agreement.

### A.   The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354-55. Plaintiffs estimate that each of them is owed between $4,000 and $8,000 for their FLSA claims. Dkt. 16 ¶ 6. Because Plaintiffs are receiving less than the amount they claimed plus an equal amount of liquidated damages (Dkt. 16 ¶ 6; Dkt. 16-1 ¶ 3(a)(1)-(4)), they have compromised their FLSA claims.

The case involves bona fide disputed issues regarding FLSA liability. Dkt. 16 ¶ 5. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* ¶¶ 8, 13. Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiffs compromised the amount of their original claims, the Court finds the settlement amount fair and reasonable.

For $1,000.00 as separate consideration, each plaintiff has agreed to a general release of non-wage-related claims against Defendants. Dkt. 16 ¶ 7;

Dkt. 16-1 ¶¶ 3(a)(6), 9. Defendants also have agreed not to institute legal or administrative actions against Plaintiffs resulting from any matters occurring before the date of the settlement agreement, including, but not limited to, Plaintiffs' employment with Defendants. Dkt. 16-1 ¶ 9.

Courts have approved releases of non-FLSA claims where plaintiffs are provided separate consideration, as in this case. *See Inglis v. Magruder*, 6:19-cv-1406-Orl-40GJK, 2020 WL 7700157, at *3 (M.D. Fla. July 8, 2020) (noting that "the Eleventh Circuit does not prohibit private-represented parties to an FLSA action from agreeing to release non-FLSA claims for separate consideration"); *Swimmer v. Woodspring Suites Prop. Mgmt., LLC*, No. 6:16-cv-2072-Orl-22GJK, 2018 WL 2126958, at *5 (M.D. Fla. May 9, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 2182301 (M.D. Fla. May 9, 2018). "And courts in this District have also approved FLSA settlements with accompanying broad releases even where the plaintiff did not receive full compensation for his or her FLSA claim, as long as additional valuable compensation was paid to the plaintiff in exchange for the broad general release." *Owens v. SSRMI, LLC*, No. 5:16-cv-15-Oc-PGB-PRL, 2017 WL 2190646, at *3 (M.D. Fla. Apr. 28, 2017), *report and recommendation adopted sub nom. Owens v. SSRM1, LLC*, No. 5:16-cv-15-Oc-40PRL, 2017 WL 2172089 (M.D. Fla. May 17, 2017). Furthermore, a defendants' release of

claims against a plaintiff does not affect the fairness and reasonableness of the settlement agreement. *See Torres v. Cent. Fla. Pool & Spa, LLC*, No. 8:22-cv-618-CEH-MRM, 2022 WL 18356339, at *4 (M.D. Fla. Dec. 30, 2022) (finding that defendants' broad waiver of potential claims arising out of or relating to plaintiff's employment with defendants inured to plaintiff's benefit and did not affect fairness and reasonableness of settlement agreement), *report and recommendation adopted*, 2023 WL 205150 (M.D. Fla. Jan. 17, 2023). The mutual general release in this case does not therefore preclude approval of the settlement agreement.

In addition, the undersigned finds no fraud or collusion behind the settlement. The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. Dkt. 16 ¶¶ 5, 8, 13; Dkt. 16-1 ¶ 6. The Court therefore finds that the consideration paid to Plaintiffs to resolve their claims is fair and reasonable.

### B. The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $3,500.00 in fees and costs that include the filing of this action, the parties represent that they were negotiated separately from Plaintiffs' recovery. Dkt. 16 ¶ 10. The Court finds that the amount is reasonable on its face, and that the parties' representation adequately establishes that the issue

of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at 1228. The award is therefore reasonable.

But even if the parties did not negotiate the fee award separately, the Court finds the award of attorney's fees and costs to be reasonable under a lodestar analysis. Counsel represents that his billable rate is $500 an hour, Dkt. 20, which the Court finds is reasonable in view of the rates typically charged in this district for attorneys with similar experience. Counsel also represents that he has performed slightly more than ten hours of work on this matter, Dkt. 20, which is not excessive for a case involving a mix of FLSA and non-FLSA claims. Because the proposed award is significantly less than the lodestar amount, the $3,500.00 award in attorney's fees and costs is reasonable.

## IV.   Conclusion

In view of the above, the Court concludes that the proposed settlement agreement is fair and reasonable. It is therefore **ORDERED**:

1.   The Joint Motion for Approval of the Settlement of Plaintiffs' FLSA Claim and for Dismissal with Prejudice (Dkt. 16) is **GRANTED**;

2.   This case is dismissed with prejudice; and

3.     The Clerk is directed to terminate all pending motions and

deadlines and close this case.

**DONE** and **ORDERED** in Orlando, Florida, on April 11, 2023.

_____

ROBERT M. NORWAY

*United States Magistrate Judge*

Copies furnished to:

Counsel of Record